**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LABOR SOLUTIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-01858-SEP |
| | ) | |
| STL BAKING, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the Small Business Administration's Motion to Dismiss Administrator Kelly Loeffler as a Defendant, Doc. [19]. For the reasons set forth below, the motion is granted.

### FACTUAL BACKGROUND[1]

Plaintiff Labor Solutions filed this action on December 19, 2025, against STL Baking, James Schmersahl, Midwest Regional Bank (MRB), and SBA Administrator Kelly Loeffler, to recover its losses in connection with its security interest in the assets of STL Baking. Doc. [1] ¶ 1. The SBA also has a security interest in the assets of STL Baking. *Id.* ¶¶ 28, 129; Doc. [1-2] at 2 ¶ 4.

Labor Solutions is a limited liability company that provides temporary staffing to companies. *Id.* ¶¶ 6-7. STL Baking is a Missouri limited liability company with only one member, Defendant James Schmersahl. *Id.* ¶ 8. In 2021, Plaintiff provided temporary personnel to STL Baking in exchange for payments under a Service Agreement. *Id.* ¶ 15. When STL fell behind on its payments, Plaintiff and STL Baking entered into a Security Agreement and a Subordination Agreement, in which Plaintiff agreed to restructure STL Baking's debt with more favorable payment terms in exchange for, *inter alia*, Plaintiff's receipt of a security interest in STL Baking. *Id.* ¶¶ 22-23. When negotiating the Agreement, Schmersahl represented that STL Baking's assets ("the Collateral") would provide adequate security for the Security Agreement and therefore a personal guarantee from Schmersahl was unnecessary. *Id.* ¶ 37. But Schmersahl

[1] For the purposes of the SBA's facial challenge to the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court presumes all allegations concerning jurisdiction to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

misrepresented the assets owned by STL Baking; in actuality, another entity he operated, Sapphire Bakery, owned the Facility and some of the equipment that he represented were the property of STL Baking. *Id.* ¶¶ 38, 42-44.

Defendant MRB, which had a security interest in some of Sapphire Bakery's assets, sold several pieces of equipment that were owned by STL Baking, not Sapphire Bakery. *Id.* ¶¶ 46, 56-82. Plaintiff, Schmersahl, and the SBA have all claimed security interests in the Collateral, including the proceeds of MRB's sales of the Collateral. *Id.* ¶ 129. According to Plaintiff, the SBA filed a UCC Financing Statement with the Missouri Secretary of State, representing that it has a security interest in the assets of STL Baking. *Id.* ¶ 28. Plaintiff admits that it has "no knowledge of the terms or scope of any alleged security agreement between STL Baking and the SBA, or the status of any alleged security agreement between STL Baking and the SBA, or the status of any alleged indebtedness secured by that security agreement." *Id.*

Based on the determination of the fair market value of the equipment located at the STL Baking facility, Plaintiff estimates that the proceeds from the Collateral will not be great enough to satisfy all STL Baking's existing debts. *Id.* ¶ 131. Plaintiff therefore requests a "determination of the validity, priority, and value of each creditor's security interest . . . to determine who is first entitled to the Collateral and its proceeds." *Id.* ¶ 130.

The SBA asks this Court to dismiss it from the lawsuit pursuant to either Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) or Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim), Doc. [19] at 1, but its argument sounds exclusively in subject matter jurisdiction, and so this Court proceeds under the rubric of Rule 12(b)(1).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's "very power to hear the case." *Missouri v. Biden*, 738 F. Supp. 3d 1113, 1139 (E.D. Mo. 2024) (quoting *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Osborn*, 918 F.2d at 729 n.6). As the SBA does not challenge the veracity of Plaintiff's allegations, the Court treats the motion as a facial challenge to its subject matter jurisdiction and accordingly accepts all of Plaintiff's allegations concerning jurisdiction as true. *Titus*, 4 F.3d at 593.

## DISCUSSION

According to the Complaint, Plaintiff seeks a declaratory judgment against Defendant Schmersahl and the SBA "to determine the validity, priority, and value" of the SBA's security interest, claiming that this Court has subject matter jurisdiction over the action under 15 U.S.C. § 634(b)(1). Doc. [1] ¶¶ 12, 130. In their briefs, the parties spar over whether Plaintiff has asserted a cognizable cause of action against the SBA—a question on which reasonable minds have evidently disagreed. *See, e.g., Johnston v. Citizens Bank & Tr. Co. of Flippin, Ark.*, 659 F.2d 865, 870 (8th Cir. 1981) (finding jurisdiction for standalone declaratory judgment action is proper under 15 U.S.C. § 634(b)(1)); *GAC Credit Corp. v. Small Bus. Admin.*, 323 F. Supp. 795 (W.D. Mo. 1971) (same); *but see* Doc. [20] at 6-7 (government interpreting 634(b)(1) to "merely" waive sovereign immunity while still requiring "an independent basis for subject matter jurisdiction, such as enforcement of a federal right.") (citing *Tuner v. S.B.A.*, 2001 WL 1346016, at *3 (E.D. Mo. Sept. 10, 2001)). The Court does not reach that issue because there is a more straightforward impediment to its assertion of jurisdiction over Plaintiff's claim against SBA: on the face of the Complaint, Plaintiff's claim against SBA is not ripe.

Federal courts may hear only actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. That constitutional requirement is echoed in both statutes Plaintiff invokes as bases for its claim against the SBA. Section 634(b)(1) of Title 15 of the United States Code empowers the Administrator of the SBA, in the performance of his duties, to sue and be sued in court, and confers jurisdiction on district courts "to determine *such controversies* without regard to the amount in controversy[.]" (emphasis added)). Likewise, the Declaratory Judgment Act is limited to "cases of actual controversy." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 239-40 (1937). Thus, regardless of the outcome of the parties' dispute about Plaintiff's cause of action, the Court cannot assert jurisdiction over Plaintiff's lawsuit if it does not present an actual case or controversy.

For a case or controversy to be cognizable by a federal court, it must be ripe. *Fletcher v. Shade Tree Serv. Co.*, 2019 WL 1643434 at *2 (E.D. Mo. Apr. 16, 2019); *Gopher Oil Co. v. Bunker*, 84 F.3d 1047, 1051 (8th Cir. 1996). "The ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for federal court action." *Fletcher*, 2019 WL 1643434 at *2 (quoting Erwin Chemerinsky, FEDERAL JURISDICTION § 2.4.18 (7th Ed. 2016)). If a matter is not ripe, a

case or controversy does not exist, and the matter must be dismissed for lack of subject matter jurisdiction. *Id.*

The ripeness of a suit turns on the matter's "fitness for judicial decision" and the "hardship to the parties of withholding court consideration." *Aetna Cas. & Sur. Co. v. Gen. Dynamics Corp.*, 1989 WL 380494 at *4 (E.D. Mo. Dec. 12, 1989); *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 572-73 (8th Cir. 2003). Per the Eighth Circuit, a "party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree." *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo.*, 345 F.3d at 573 (quoting *Nebraska Pub. Power Dist. v. MidAmerican Energy Co*., 234 F.3d 1032, 1039 (8th Cir. 2000)). A court is more like to find that an issue is fit for decision if it "poses a purely legal question and is not contingent on future possibilities." *Id.* An issue that would benefit from further factual development is less likely to be ripe. *Id*. A party's claim fails to meet the hardship prong if the party's claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Parrish v. Dayton*, 761 F.3d 873, 875-76 (8th Cir. 2014) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

"As it affects the core of the Court's jurisdiction, ripeness may be raised *sua sponte* at any stage in the proceedings." *Droney v. Fitch*, 2011 WL 890704 at *6 n.2 (E.D. Mo. Mar. 14, 2011) (citing *Bergstrom v. Bergstrom,* 623 F.2d 517, 519 n. 1 (8th Cir.1980)). The ripeness question in each case is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden v. Zwickler*, 394 U.S. 103, 108 (1969). Resolving that question at the outset of a declaratory judgment action ensures that a declaratory judgment does not become "the medium for securing an advisory opinion in a controversy which has not arisen.'" *Mille Lacs Band of Ojibwe v. Madore*, 128 F.4th 929, 941 (8th Cir. 2025) (quoting *Coffman v. Breeze Corp.*, 323 U.S. 316, 324 (1945)). In a declaratory judgment action, the Plaintiff "must persuade the court that the facts, as pleaded, present a real, substantial and immediate legal dispute between the parties." *Aetna Cas. & Sur. Co.*, 1989 WL 380494 at *4. "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."

*In re Rath Packing Co.*, 38 B.R. 552, 557 (Bankr. N.D. Iowa 1984) (quoting *Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 244 (1952)).

**I. <u>Plaintiff does not allege a substantial controversy fit for judicial review.</u>**

With respect to the SBA, Plaintiff has not pled "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Golden,* 394 U.S. at 108. Although Plaintiff purports to want a ruling as to the priority of the various security interests in the Collateral, Plaintiff also admits in its Security Agreement executed in October 2022, which is attached to the Complaint, that the SBA's security interest in the Collateral has priority over Plaintiff's. Doc [1-2] ¶ 4 (specifying that Labor Solution's security interest is "***junior and subordinate only to the current security interest of the U.S. Small Business Administration***."). Nothing in the Complaint contests the validity, value, or priority of SBA's security interest or asks this Court to declare that SBA's security interest does not, in fact, have priority over Plaintiff's. *Id.* ¶¶ 128-38. Plaintiff also does not allege that the SBA has contested the validity, priority, or value of its security interest. *Id.* Plaintiff's own pleadings establish that its security interest is subordinate to the SBA's security interest. Doc. [1-2] ¶ 4.

Plaintiff's only allegation in support of a legal claim against SBA is that SBA has a security interest in the Collateral, and that the proceeds from the Collateral will be insufficient to cover all of STL Baking's existing debts, should Plaintiff obtain a favorable ruling in the underlying case against STL Baking. Doc. [1] ¶¶ 28, 129, 132. Assuming Plaintiff's allegations to be true, it is at best *possible*—not even probable, never mind likely or imminent—that a dispute over such funds could arise between Plaintiff and the SBA in the future. The lack of immediacy is underlined by the fact that Plaintiff's own right to recovery is dependent on the outcome of the underlying suit between it and the other Defendants. *See id.* ¶ 135. The contingency of the available funds "makes the legal question of which entity has the superior [security interest] somewhat hypothetical." *Cf. AgriBank, FCB v. Cupples*, 850 F. Supp. 780, 781 (E.D. Ark. 1993) (declaratory judgment action determining lien priority was not ripe where availability of funds to satisfy liens depended on outcome of underlying state court action).

The contours of any future conflict between Plaintiff and the SBA are "nebulous," at best. *Pub. Serv. Comm'n of Utah,* 344 U.S. at 244. Plaintiff admits it has "no knowledge of the terms or scope of any alleged security agreement between STL Baking and the SBA, or the status of

any alleged indebtedness secured by that security agreement." Doc. [1] ¶ 28. Given the uncertainty surrounding the value of the Collateral, the lack of any adverse action on the part of the SBA, and the contingency of the available funds, no dispute between Plaintiff and the SBA has taken on a "fixed and final shape." *In re Rath Packing Co.*, 38 B.R. at 557; *see also Aetna Life Ins. Co. of Hartford, Conn.,* 300 U.S. at 242 (justiciable controversy existed because the parties had "taken adverse positions with respect to their existing obligations" prior to the suit); *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 934 (8th Cir. 2010) (citation omitted) (controversy was ripe even with unresolved underlying suit because the "lines are drawn, the parties are at odds, the dispute is real"). A conflict that will become more clearly defined upon further factual development is precisely the type of matter that is not fit for judicial decision. *Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo.*, 345 F.3d at 573.[2]

Rather than alleging facts that clearly place the parties' legal interests at odds, the Complaint appears to be anticipating a conflict that may arise in the event that it prevails on its claims against the other Defendants but the Collateral is not great enough to cover all of STL Baking's debts. *See* Doc. [1] ¶¶128-38 (asserting that declaratory judgment is necessary so that each creditor can determine the amount of STL Baking's accounts, inventory, equipment, and other assets due to it). Plaintiff is not entitled to an advisory opinion issued in anticipation of contingent future events. *Parrish*, 761 F.3d at 875-76. By adjudicating Plaintiff's claim against the SBA, this Court would risk impermissibly "entangling [itself] in [an] abstract disagreement[.]" *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985).

## II. Dismissing the SBA as a party is unlikely to result in hardship to Plaintiff.

The hardship prong of the ripeness analysis also weighs against Plaintiff. *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 149 (1967). There is no reason to think that dismissing the SBA from

[2] Plaintiff's failure to plausibly assert an actual controversy in the declaratory judgment claim against the SBA is even clearer when contrasted with the allegations of Plaintiff's separate claim for declaratory relief against another creditor, MRB. *See* Doc. [1] ¶¶ 139-144. There, Labor Solutions notes that "MRB has asserted that it holds a *first-priority* security interest" in the proceeds of certain property in which Labor Solutions claims it has an interest. *Id.* (emphasis added). The request for relief in that count asks for a determination of the parties' relative priority of security interest in specific pieces of property to which each has claimed ownership. *Id.* This claim establishes adverse interests between the parties: "the lines are drawn, the parties are at odds, the dispute is real." *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926 (8th Cir. 2010). By contrast, Plaintiff's count for declaratory judgment against SBA requests only a "determination of the validity, priority, and value of each creditor's security interest . . . to determine who is first entitled to the Collateral and its proceeds." Doc. [1] ¶ 130.

the suit at this time will cause Plaintiff undue hardship. Any dispute between Plaintiff and Defendant SBA "rests upon contingent future events"—namely, the outcome of the underlying lawsuit followed by action on the part of the SBA—"that may not occur as anticipated, or indeed may not occur at all." *Parrish*, 761 F.3d at 875-76. Plaintiff does not allege that it is currently suffering an injury arising from the SBA's security interest in the Collateral. *See Hartford Acc. & Indem. Co. v. Doe Run Res. Corp.*, 663 F. Supp. 2d 771, 776 (E.D. Mo. 2009). A potential injury can only occur if SBA asserts a competing priority interest in the Collateral and brings suit against Plaintiff to assert that interest, but it is entirely unclear from Plaintiff's allegations whether SBA is likely ever to bring such a suit. Doc. [1]. An SBA lawsuit against Plaintiff is not "certainly impending." Doc. [1] ¶ 28; *S. Dakota Min. Ass'n, Inc. v. Lawrence Cnty.*, 155 F.3d 1005, 1008 (8th Cir. 1998) (for declaratory judgment actions to be ripe, the injury to a plaintiff must be "certainly impending"). This Court perceives no exceptional circumstances that "reveal a need for present adjudication." *AgriBank, FCB*, 850 F.Supp. at 782.

If, during discovery or otherwise, Plaintiff should uncover additional information about the nature of the SBA's security agreement with STL Baking, and adversity of interest between the parties becomes concrete and imminent, Plaintiff can seek leave to amend the Complaint to add the SBA as a party. Similarly, if negotiations between Plaintiff and the SBA reveal that the parties' interests are adverse, the SBA can seek to intervene in the lawsuit. At present, adjudicating a supposed dispute between Plaintiff and the SBA would require issuing "an advisory opinion upon a hypothetical basis" rather than "an adjudication of present right upon established facts." *Aetna Life Ins. Co. of Hartford, Conn.,* 300 U.S. at 242. Because the matter is not ripe for adjudication, Plaintiff's claim against the SBA is dismissed for a lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss Administrator Kelly Loeffler as a Defendant, Doc. [19], is **GRANTED**.

A separate Order of Dismissal will accompany this Order.

Dated this 30th day of September, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE